## Fitch's Executrix, et al. v. Fitch, et al.

(Decided October 12, 1916.)

### Appeal from Fleming Circuit Court.

Wills—Construction of—Power of Appointment.—Where a testatrix devised her estate to her daughter for life with remainder to her children in fee, without making any provision for the disposition of the estate in the event her daughter died childless, and in a codicil conferred on the daughter the power to devise the estate "to whomsoever she may think best without any limitation other than first to such child or children as she may have living at her death," the daughter, who left surviving her children, did not have power under the codicil to give to her children a life estate with remainder to their children. Having children living at her death, she could not take from them the fee in remainder either in whole or in part.

F. H. McCARTNEY for appellants.

A. D. COLE, O. R. BRIGHT, B. S. GRANNIS, R. J. BABBITT, PAUL HEFLIN, J. H. POWER and J. M. McINTIRE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In clause two of her will Elizabeth T. Walker made the following provision for her daughter, Amanda J.

Fitch: "I devise to my kinsman and friend, Elisha A. Robertson, of the County of Fleming, in trust for the sole and separate use, benefit and support of my daughter, Amanda J. Fitch, during her life and remainder to her children, all of my estate, real, personal and mixed, to be held, managed and controlled by said trustee in such manner and mode as will best promote the support and maintenance of my said daughter, Amanda J. Fitch, and children."

And in clause four she provided: "As it is my purpose, wish and desire that all that I may in any way own at my death shall be appropriated for the exclusive support and use of my daughter, Amanda J. Fitch, I devise, subject to the foregoing provisions, all I have to her, my said daughter, Amanda J. Fitch, during life and remainder to her children."

After this she made the following codicil to her will: "It being my will and desire that my daughter, Amanda J. Fitch, shall enjoy, receive and have during life the entire benefit of all the estate devised by me, I do now by this codicil fully empower her to dispose of all the estate herein devised by last will and testament, devising the same to whomsoever she may think best without any limitation other than first to such child or children as she may have living at her death."

In attempting to execute the power of appointment conferred by the codicil, Mrs. Fitch in her will, directed that "one-half of the land or proceeds for which the land was sold coming to me from my mother shall be for my daughter, Elizabeth Simonson, and at her death to her children, Clara and Walker Simonson, the other half to my son, John W. Fitch, and at his death to his child or children."

The only question in this case is, did Mrs. Fitch, under the power conferred in the codicil, have the discretion to devise the estate to her son and her daughter for life with remainder to their children, or was the power of disposition limited to giving to her two children the fee in the land if they were living at her death?

The lower court adjudged "that John W. Fitch and Mrs. C. E. Simonson, the only living children and heirs at law of the said Amanda J. Fitch took a vested estate in fee simple in said 270 acres of land. . . The attempted devise of the said Amanda J. Fitch of the 270 acres

to John W. Fitch and Mrs. C. E. Simonson for life with remainder to their children is repugnant to the power of appointment given under the will and codicil of the said Elizabeth T. Walker, and is, therefore, null and void."

Mrs. C. E. Simonson, as executrix and in her individual capacity, excepted to this judgment and on appeal to this court, asks that the judgment be reversed and it be determined that Mrs. Fitch had the power to dispose of the property as she did.

The question at issue is confined to the codicil, because in the body of the will Mrs. Walker expressly gave the estate to her daughter, Mrs. Fitch, with remainder in fee to the children of Mrs. Fitch. But it is contended that by the codicil she departed from her purpose to give the fee in remainder to the two children of Mrs. Fitch and conferred upon Mrs. Fitch the power to limit the estate of these children to a life estate, with remainder to their children.

With this view of what Mrs. Walker did and intended to do in the codicil, we are unable to agree. It is very apparent from the body of Mrs. Walker's will that her first thought was to make provision for her daughter, Mrs. Fitch, and, second, for the children of Mrs. Fitch, but here she stopped. She did not in the body of the will 'make any provision for the contingency that might arise in the event Mrs. Fitch died without leaving children, and evidently the only purpose of the codicil was to make provision for a contingency of this kind. She did not mean by the codicil or the power of appointment therein made to take from the children of Mrs. Fitch, if she left any, what was given them by the will, nor did she mean by the power of appointment to confer on Mrs. Fitch the authority to take from her children, if she was survived by any, the estate given them by the will. She only wanted to supply a deficiency in the will that might arise in the event Mrs. Fitch died childless, and this contingency she provided for by giving to Mrs. Fitch the power to devise the estate without any limitation in the event she died without children. But if she died leaving children, then her power of disposition was limited to devising the whole of the estate, not a part of it or less than the fee, to any child or children she might have living at her death.

Nowhere in this codicil is there to be found any disposition on the part of Mrs. Walker to change her will. Indeed, the codicil is a substantial repetition of the will, as it reiterates that Mrs. Fitch should have the life estate with the unlimited power of disposition only in the event she died without leaving children. If she had intended to give to Mrs. Fitch the unlimited power of disposition, the codicil would have stopped with the words "without any limitation," but having in mind the purpose to give the estate to the children of Mrs. Fitch, if she had any living at her death, she added the words following the word "limitation."

It is, however, contended that although under this codicil Mrs. Fitch must first devise the estate to any child or children living at her death, she could yet observe this condition by giving to such child or children a life estate, as she did. We do not, however, find in the codicil any words that would warrant this construction. If she could not take away from any child or children she might have, by the exercise of the power conferred, the whole of the estate, neither could she take away any part of it. Under the codicil Mrs. Fitch, if she left children, had as much power to take the estate from them and give it to strangers as she did to take a part of it from them by giving them only a life estate. If she could not take all, she could not take any from them.

We think the judgment of the lower court was correct, and it is affirmed.